Opinion of the Court.
THE appellants brought this action on the case to recover of the appellee the amount of a check or draught on the Frankfort bank, which was drawn by George *195 and John Sproule, in favor of the appellee or order, and by the appellee endorsed to the appellants. On the day alter it was drawn, it was placed by Charles Miles, who then held the check, in the hands of a notary public, who on the same day presented it to the cashier of the bank for payment, which was refused, and thereupon, the notary forthwith protested the bill, and, on the next morning early, the notary gave notice to the appellee of its dishonor. But the notice did not apprise the appellee who was the holder of the check, or that the holder looked to him for the amount ; it only stated the date and amount of the check, by whom drawn, when payable, and that the appellee was endorser. This the notary deposed was the usual form of the notices which he wrote, and that it was customary for him to give the notice in his own name in lieu of that of the holder. On this state of the case, the jury found a verdict for the plaintiff ; subject, by an agreement of the parties, to the opinion of the court on the plaintiff’s right to recover, and judgment was to be rendered accordingly. Judgment was accordingly rendered for the defendant below, from which this appeal is prosecuted.
Statement of the case.
A bank check is, in substance, a domestic bill of exchange, and subject to the same laws in respect to notice, &c. A notice of protest given by a notary public, is as available as if given by the holder of the bill.
Such notice need not state who is the holder; nor to whom the holder intends to resort for payment
1. We apprehend there can be no bar to the recovery of the appellant, on the ground of the laches or neglect in managing the bill. The instrument is a domestic bill of exchange, and must be governed by the same rules. It is agreed, that the appellants, Charles Miles, and the appellee, had their respective residence in the town of Frankfort. It has been repeatedly held by this court, in the case of notes negotiated with the banks, which are placed on the footing of foreign bills, that one day, in such case, was only a reasonable time to give notice of their dishonor ; and the rule is not more rigid, with regard to domestic or inland bills. The presentation of the check, in this case, on the day after it was drawn, and the notice of non-payment on the next, we conceive, was using as strict diligence as the law requires.
2. The question, then, must exclusively turn on the sufficiency of the language of the notice given to the appellee. It is a settled principle that a notice is sufficient, if it clearly apprises the party of the dishonor of the bill, and is sufficient to put him on the alert to save himself. It is already decided by this *196 court, that a notice given by a notary public is sufficient—See 1 Marsh. 454. This notice was amply sufficient to put the appellee on the pursuit of his drawers, and to hold any security he might have, to secure the payment, or to acquire an indemnity, if he had none; and this is the main design intended by the law, in its requisitions of notice. As to his not being told who was the holder, the notice is not required for this purpose. It is presumed the holder would not long let him remain ignorant of that matter. And as he put the bill in market, he might, by application to his immediate endorsees, have traced it to the holder, and have paid it, and cannot complain that he could not find it, for the purpose of payment, because the notary did not apprise him where it was.
The judgment must, therefore, be reversed with costs, and the cause be remanded to the court below, with directions there to enter a judgment for the appellants, on the verdict of the jury.